**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| INC NAUTICAL, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00268 |
| | § | |
| PAYCHEX, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT PAYCHEX, INC.'S MOTION TO COMPEL
ARBITRATION AND DISMISS OR STAY, AND BRIEF IN SUPPORT,
<u>FILED SUBJECT TO MOTION TO TRANSFER VENUE</u>**

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:  /s/ Christopher B. Trowbridge
       Christopher B. Trowbridge
       State Bar No. 24008182
       ctrowbridge@bellnunnally.com
       Wendy A. Duprey
       State Bar No. 24050543
       wduprey@bellnunnally.com
       Scott R. Larson
       Texas Bar No. 24097971
       slarson@bellnunnally.com

3232 McKinney Ave., Suite 1400
Dallas, Texas 75204-2429
Telephone: (214) 740-1400
Facsimile: (214) 740-1499

**COUNSEL FOR DEFENDANT
PAYCHEX, INC.**

## TABLE OF CONTENTS

**PAGE**

NATURE OF THE CASE AND STAGE OF PROCEEDINGS ....................................................... 1

STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ............................................ 2

SUMMARY OF ARGUMENT ...................................................................................................... 2

FACTS ............................................................................................................................................ 3

ARGUMENT AND AUTHORITIES ............................................................................................. 4

        A.        The Federal Arbitration Act Governs the Arbitration Agreement ........................... 4

        B.        The Elements of the Federal Arbitration Act Are Met ............................................ 5

                1.        A Written Agreement to Arbitrate Exists ..................................................... 5

                2.        The Agreements Involve Interstate Commerce ............................................ 5

                3.        The Arbitration Agreement Covers This Dispute ........................................ 6

                        a.        *Under the Contracts an Arbitrator Must Decide Arbitrability* .......................................................................................... 6

                        b.        *The Arbitration Agreement Applies to Plaintiff's Claims* ................ 8

        C.        Paychex Requests a Dismissal or Stay of the Litigation ........................................ 11

CONCLUSION AND PRAYER .................................................................................................. 13

## TABLE OF AUTHORITIES

**CASES** **PAGE**

*Aerotel, Ltd. v. RSL Communications, Ltd.*,
   99 F. Supp.2d 368 (S.D.N.Y. 2000)..........................................................................................9

*Alghanim v. Alghanim*,
   828 F. Supp.2d 636 (S.D.N.Y. 2011).......................................................................................12

*Allied-Bruce Terminix Companies, Inc. v. Dobson*,
   513 U.S. 265 (1995)...................................................................................................................5

*AT&T Technologies, Inc. v. Communications Workers of Am.*,
   475 U.S. 643 (1986)...................................................................................................................9

*Cartagena Enterprises, Inc. v. J. Walter Thompson Co.*,
   2013 WL 5664992 (S.D.N.Y. Oct. 16, 2013) .........................................................................12

*Collins & Aikman Products Co. v. Bldg. Sys., Inc.*,
   58 F.3d 16 (2d Cir. 1995).........................................................................................................11

*Contec Corp. v. Remote Solution, Co., Ltd.*,
   398 F.3d 205 (2d Cir. 2005)..................................................................................................7, 8

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985)............................................................................................................4, 11

*Grigson v. Creative Artists Agency, L.L.C.*,
   210 F.3d 524 (5th Cir. 2000) ...................................................................................................11

*Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.*,
   625 F.2d 22 (5th Cir.1980) .......................................................................................................5

*JLM Indus., Inc. v. Stolt-Nielsen SA*,
   387 F.3d 163 (2d Cir. 2004)................................................................................................9, 11

*Jureczki v. Banc One Texas, N.A.*,
   252 F. Supp.2d 368 (S.D. Tex. 2003) .......................................................................................9

*Litton Fin. Printing Div., a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.*,
   501 U.S. 190 (1991)...................................................................................................................9

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*,
   252 F.3d 218 (2d Cir. 2001).......................................................................................................9

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 .............................................................................................................................9

| CASES - CONTINUED | PAGE |
|---|---|

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)......................................................................................................4

*Omni Pinnacle, LLC v. ECC Operating Services, Inc.*,
   255 Fed. Appx. 24 (5th Cir. 2007)...........................................................................12

*Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*,
   139 F.3d 1061 (5th Cir.1998) ...............................................................................9, 11

*Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*,
   687 F.3d 671 (5th Cir. 2012) ....................................................................................7

*Rent-A-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63 (2010)..................................................................................................6, 7

*Suzlon Infrastructure, Ltd. v. Pulk*,
   CIV. A. H-09-2206, 2010 WL 3540951 (S.D. Tex. Sept. 10, 2010).......................12

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*,
   363 U.S. 574 (1960)...................................................................................................5

*W.L. Doggett LLC v. Paychex, Inc.*,
   92 F. Supp.3d 593 (S.D. Tex. 2015) .........................................................................8

**Statutes**

9 U.S.C. § 2.....................................................................................................................2, 5

9 U.S.C. § 3......................................................................................................................12

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ..................................................................11, 12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INC NAUTICAL, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00268 |
| | § | |
| PAYCHEX, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT PAYCHEX, INC.'S MOTION TO COMPEL ARBITRATION AND FOR DISMISSAL OR STAY, AND BRIEF IN SUPPORT, FILED SUBJECT TO MOTION TO TRANSFER VENUE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Paychex, Inc. ("Defendant" or "Paychex") files this Motion to Compel Arbitration and for Dismissal or Stay, and Brief in Support, Filed Subject to Motion to Transfer Venue, and would respectfully show as follows:

### NATURE OF THE CASE AND STAGE OF PROCEEDINGS

1. Paychex is a leading provider of integrated human capital management solutions for payroll, human resources, retirement, and insurance services. In March 2011, and February 2012, Plaintiff INC Nautical, L.P. ("Plaintiff") contracted with Paychex for Paychex to provide payroll services. Plaintiff contends that Paychex allegedly failed to properly perform the payroll services by allegedly failing to properly calculate the IRS form W2's for Plaintiff's employees. Plaintiff claims that this alleged failure triggered an IRS audit, which allegedly resulted in costs and damages to Plaintiff.

2. On December 6, 2016, Plaintiff filed its Original Petition and Request for Disclosures ("Petition") in Texas state court, Harris County, Texas Cause Number 2016-83920,

styled *INC Nautical, L.P. v. Paychex, Inc.*, (the "State Court Action"). The Petition asserts causes of action for breach of contract, negligence, and breach of warranty. On January 27, 2017, Paychex timely removed the State Court Action to this Court. Just prior to filing this motion, Paychex filed a Motion to Transfer Venue, seeking a transfer of this action to the Western District of New York, subject to this Motion to Compel Arbitration. No other proceedings have taken place in this action.

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

3.     The issue presented is whether the Court should compel this case to binding arbitration in Rochester, New York pursuant to the arbitration agreements in the Parties' contracts. To determine whether a particular dispute is subject to arbitration under the Federal Arbitration Act, the Court must examine whether: (i) a written agreement to arbitrate exists, (ii) the agreement involves interstate commerce, and (iii) the agreement covers the dispute at issue. *See* 9 U.S.C. § 2. All three requirements are met in this case.

## SUMMARY OF ARGUMENT

4.     The parties entered into a binding arbitration agreement that requires "any dispute arising out of, or in connection with," the parties' Contracts to be submitted to binding arbitration in Rochester, New York. The arbitration agreement also expressly requires disputes over the applicability of the arbitration agreement to be determined by an arbitrator. All of Plaintiff's claims arise from the single allegation that Paychex agreed in the parties' Contracts to provide payroll processing services, and that Paychex allegedly failed to properly prepare the W2's for Plaintiff's employees, allegedly resulting in an audit and expenses to Plaintiff. All of Plaintiff's claims arise from the parties' Contracts and, thus, Plaintiff's claims should be

compelled to arbitration or this case should be dismissed for lack of subject matter jurisdiction or stayed.

## FACTS

5. Paychex is a leading provider of integrated human capital management solutions for payroll, human resources, retirement, and insurance services. (Exh. A ¶ 3)

6. On March 12, 2011 and February 13, 2012, Paychex and Plaintiff entered into Payroll Processing Services Agreements (the "Contracts") for Paychex to provide Plaintiff with payroll processing services. (Exhs. A-1 & A-2)

7. Paragraph 20 of the Contracts is entitled "Governing Law and Arbitration," and includes a broad mandate that the parties submit their disputes to binding arbitration.[1] Paragraph 20 provides, in relevant part:

> The Agreement and all aspects of the relationship between Paychex and Client shall be governed exclusively by the laws of the State of New York without regard to, or application of, its conflicts of laws, rules, and principles, except for the arbitration agreement contained herein which shall be governed exclusively by the Federal Arbitration Act, 9 U.S.C. section 1 et seq. (the "FAA"). **Except as provided herein, any dispute arising out of, or in connection with, the Agreement will be determined only by binding arbitration in Rochester, New York, in accordance with the commercial rules of the American Arbitration Association.** Arbitrable disputes include, without limitation, disputes about the formation, interpretation, applicability, or enforceability of this Agreement. . . .

---

[1] The only exception to the Contracts' broad arbitration provisions — allowing Paychex the discretion to sue Plaintiff in New York for monies due and owing — is inapplicable to this dispute. (Exhs. A-1 & A-2, § 20)

(Exhs. A-1 & A-2, § 20) (emphasis in original)

8. Plaintiff agreed in Paragraph 20 to have an arbitrator, not a court, decide whether Plaintiff's claims must be arbitrated. (Exhs. A-1 & A-2, §20)

9. Plaintiff signed the Contracts directly beneath an acknowledgement that they read and agreed to their terms and conditions. (Exhs. A-1 & A-2, p. 1)

10. Ignoring its agreements to arbitrate, on December 6, 2016, Plaintiff filed its Original Petition and Request for Disclosure ("Petition") against Paychex in Texas state court, initiating Cause No. 2016-83920, in the 125th Judicial District Court, Harris County, Texas ("State Court Action").

11. This Motion is filed immediately following, and subject to, Defendant's Motion to Transfer Venue to Western District of New York.[2]

## ARGUMENTS AND AUTHORITIES

12. Applicable law requires the Court to compel arbitration of the arbitrability and merits of Plaintiff's claims, and to dismiss or stay this litigation pending the outcome of arbitration in the event that the Court does not compel all of Plaintiff's claims to arbitration.

**A.  The Federal Arbitration Act Governs the Arbitration Agreement.**

13. Arbitration is favored in the law. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The federal arbitration statute "requires that [courts] rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The Supreme Court instructs that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-

---

[2] By filing this Motion, Defendant does not waive, but expressly reserves, its right to transfer venue of this action to the Western District of New York, as more fully set forth in Defendant's Motion to Transfer Venue.

25. Courts must compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960). The parties agreed that the FAA would cover the Contracts' arbitration provisions. (Exhs. A-1 & A-2, § 20). Where the FAA applies to an arbitration agreement, the federal law of arbitrability controls, even in those cases in which jurisdiction is based on diversity. *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co.*, 625 F.2d 22 (5th Cir.1980). In relevant part, Second and Fifth Circuit law is consistent, so Paychex cites cases from both.

**B.     The Elements of the Federal Arbitration Act Are Met.**

14.     To determine whether a particular dispute is subject to arbitration under the FAA, the Court must examine whether: (i) a written agreement to arbitrate exists, (ii) the agreement involves interstate commerce, and (iii) the agreement covers the dispute at issue. *See* 9 U.S.C. § 2. Each requirement is met in this case.

**1.     A Written Agreement to Arbitrate Exists.**

15.     Plaintiff signed the Contracts, which contain arbitration provisions. (Exhs. A-1 & A-2, p. 1, § 20). Plaintiff alleges that Paychex allegedly failed to properly provide the payroll services that were the subject of the Contracts. (*See* Pet. at ¶¶ 5-6). Thus, the arbitration provisions were in effect at the time of the alleged conduct at issue.

**2.     The Agreements Involve Interstate Commerce.**

16.     Courts interpret the FAA's interstate commerce requirement liberally. *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 276-277 (1995). The FAA applies to all suits in state and federal court when the dispute concerns a contract evidencing a transaction involving interstate commerce. *See id.* The FAA provision that makes enforceable a written

arbitration provision in a contract evidencing commerce extends to any contract affecting commerce, as far as the Commerce Clause of the United States Constitution will reach. *Id.*

17. During all times relevant to this lawsuit, Paychex transacted business across state lines, both in person, and by telephone, e-mail, and internet. (Exh. A ¶ 6) This includes contact between Paychex headquarters in Rochester, New York and the Plaintiff located in Texas. (Exh. A ¶ 6) All of Paychex's servers, which house all of its applications and client data, are located in New York. (Exh. A ¶ 6) The payroll processing services for Plaintiff are performed in Rochester, New York, while most of the data entry was performed at the local branch in Texas. (*Id.*) Thus, the Contracts at issue created and impacted business and the provision of services across state lines, and, therefore, affected interstate commerce.

### 3. The Arbitration Agreement Covers This Dispute.

18. Where, as here, the parties agree to arbitrate whether a claim is arbitrable, the Court need go no further than to confirm as much and compel arbitration. But even if the parties had not so agreed, the claims all fall within the broad arbitration provision in this case.

#### a. *Under the Contracts an Arbitrator Must Decide Arbitrability.*

19. Parties can delegate to an arbitrator the power to determine arbitrability (*i.e.*, whether an arbitration agreement applies to a particular controversy) through clear and unmistakable evidence in their agreement showing that they intended to do so. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69, n.1 (2010). Clear and unmistakable evidence can exist (1) where the agreement provides that only an arbitrator can determine whether the agreement applies to a dispute between the parties, *see id.* at 66, 68-72 (determining provision requiring arbitration of "any dispute relating to the interpretation, applicability, enforceability or formation" to be clear and unmistakable evidence that agreement's enforceability was arbitrable,

where enforceability was the issue); or (2) where the parties incorporate the American Arbitration Association's rules into the Agreement. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); *Contec Corp. v. Remote Solution, Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005).

20. In this case, the Contracts include both types of clear and unmistakable evidence that the parties intended to submit arbitrability to an arbitrator. First, the Contracts provide that only an arbitrator can determine whether the Contracts apply to a dispute between the parties. The Contracts state that "**any dispute** arising out of, or in connection with the [Contracts] **will be determined only by binding arbitration** in Rochester, New York . . . . **Arbitrable disputes include**, without limitation, **disputes about the** formation, interpretation, **applicability**, or enforceability **of this Agreement**." (Exhs. A-1 & A-2, § 20). By the plain language of the Contract, any dispute relating to the Contract, including applicability of the arbitration agreements contained therein to a dispute between the parties, are to be decided by an arbitrator.

21. This clause is virtually identical to the one at issue in *Rent-A-Center*, where the issue was enforceability, and the Supreme Court focused on the presence of the word "enforceability" in the similar clause, which also included the word "applicability." *Rent-A-Ctr., W., Inc.*, 561 U.S. at 66, 68-69. The only difference in this case is that the issue is whether the arbitration agreement applies to the current dispute. The word "applicability" is present in this case as it was in the *Rent-A-Center* provision. *Id.* at 66. There is no reason why the virtually identical language in this case should not be found clear and unmistakable merely because the provision's "applicability" rather than its "enforceability" is at issue.

22. Second, the Contracts incorporate the American Arbitration Association's ("AAA") rules into the Contracts. Both Contracts state that "**any dispute** arising out of, or in

connection with the [Contracts] **will be determined only by binding arbitration** in Rochester, New York, **in accordance with the commercial rules of the American Arbitration Association.**" (Exhs. A-1 & A-2 §20). This language incorporates AAA rules precisely as the parties did in *Contec*, where the Second Circuit recognized that such an incorporation provided clear and unmistakable evidence of the parties' intent to arbitrate arbitrability. 398 F.3d at 208.

23. Because the Contracts provide clear and unmistakable evidence that the parties intended to delegate to the arbitrator the issue of whether the arbitration agreement applies to Plaintiff's claims, the Court need not examine whether Plaintiff's claims present a dispute "arising out of, or in connection with" the Contracts. *See id.* at 209 (recognizing that where parties agree to arbitrate arbitrability, arbitration must be compelled, even if, in the end, arbitrator were to determine the dispute is not arbitrable). Under the Contracts, that question is for an arbitrator. The Court should end the analysis here and compel arbitration in Rochester, New York.

24. Indeed, courts analyzing the identical arbitration agreement in other Paychex contracts have compelled the case to arbitration for an arbitrator to decide the issue of arbitrability of the claims asserted against Paychex. *See, e.g.*, *W.L. Doggett LLC v. Paychex, Inc.*, 92 F. Supp.3d 593, 599-600 (S.D. Tex. 2015).

### b. *The Arbitration Agreement Applies to Plaintiff's Claims.*

25. Even if the parties had not agreed to arbitrate the question of arbitrability, Plaintiff's claims are arbitrable because this is a "dispute arising out of, or in connection with the [Contracts]." **Exhs. A-1 & A-2 § 21; Exhs. A-3 & A-4 § 19**.

26. To determine whether this dispute falls within the scope of the Contracts' arbitration clause, the Court must first classify the clause as either broad or narrow, recognizing

there is some range in the breadth of arbitration clauses. *See Jureczki v. Banc One Texas, N.A.*, 252 F. Supp.2d 368, 374 (S.D. Tex. 2003); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.,* 252 F.3d 218, 224 (2d Cir. 2001). Where the clause is broad, the Court must rebuttably presume arbitrability, resolve all ambiguities and reasonable doubts in favor of arbitration, and then order arbitration of any dispute that touches matters covered by the contract, focusing on the facts rather than the legal labels attached to them. *See Litton Fin. Printing Div., a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.*, 501 U.S. 190, 209 (1991); *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 622 n. 9, 624 n.13 (1985); *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1068 (5th Cir.1998); *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177 n.6 (2d Cir. 2004)

27. An arbitration clause that provides for arbitration of all disputes "arising out of or in connection with" an agreement, like the one in this case, is, without further limitation, extremely broad in scope. *See Pennzoil Exploration & Prod. Co.*, 139 F.3d at 1069; *Aerotel, Ltd. v. RSL Communications, Ltd.*, 99 F. Supp.2d 368, 373 n.5 (S.D.N.Y. 2000). Where such a clause contains certain "very specific" limitations (such as the limitation here that allows Paychex the option to sue in a court in Monroe County, New York for money due and owing from Plaintiff) the impact of such a limitation on the clause's breadth is insignificant. *See Aerotel, Ltd.*, 99 F. Supp. 2d at 373 n.5. Where an arbitration clause is broad, the resulting presumption of arbitrability is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986).

28. In this case, in the portion of Paragraph 24 of the Contracts entitled "Payroll Processing," Paychex agreed, among other things, to process Plaintiff's payroll, to prepare

payroll checks drawn, to prepare payroll reports, and to prepare payroll tax returns for taxes identified on a Cash Requirements report. (Exhs. A-1 & A-2, § 24) Plaintiff alleges: that "Plaintiff hired Defendant to perform payroll services for Plaintiff. Defendant failed to properly calculate the IRS form W2's for Plaintiff's employees, which subsequently triggered a lengthy IRS audit. Defendant represented to Plaintiff that it would cover the costs and damages arising from the audit, but to date Defendant [has] failed to do so." (Pet. ¶ 5) Based on these allegations, Plaintiff asserts claims for breach of contract, negligence, and breach of warranty.

29. Plaintiff's breach of contract claim is based on the allegation that "Defendant, in violation of its obligations and promises under the contract described above, failed to properly perform the payroll services and failed to pay the resulting damages and costs incurred in the audit as agreed." (Pet. ¶ 6) Similarly, for Plaintiff's negligence claim, Plaintiff alleges that "Defendant agreed to perform payroll services for Plaintiff . . . [and] failed to perform the payroll services properly by erroneously not properly preparing the W2's for Plaintiff's employees", allegedly resulting in a lengthy audit and expenses and fees for Plaintiff. (Pet. ¶ 8) Plaintiff's breach of warranty claim is also based on the same allegation of that Defendant allegedly failed to properly prepare W2's for Plaintiff's employees, stating that "Defendant represented that it would perform the payroll services in a good and workmanlike manner, and comply with all federal standards. Defendant failed to perform its services as warranted, and the failure caused Plaintiff damages." (Pet. ¶ 9)

30. All of these claims fall squarely within the Contracts' mandate that the parties arbitrate disputes "arising out of, or in connection with" the Contracts. (Exhs. A-1 & A-2 § 20) All of the claims arise from Paychex's agreement to provide payroll processing services under Paragraph 24 of the Contracts. This is true even for Plaintiff's negligence and breach of warranty

claims. These allegations all have at their core Plaintiffs' assertion that Paychex failed to use reasonable care in processing the payroll for Plaintiff's employees handling, which is one of Paychex's duties under the Contracts. Plaintiff's attempt to cloak those fundamental allegations in tort-speak makes them no less connected to Paychex's alleged breach of that contractual duty. *See Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000) (recognizing that parties cannot avoid arbitration simply by casting claims in tort rather than contract); *Collins & Aikman Products Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 23 (2d Cir. 1995) (recognizing that tort claims are no less arbitrable than contract claims). Plaintiff's negligence and breach of warranty claims also arise out of and are connected with the Contracts because Plaintiff would have no alleged injuries if Plaintiff had never entered the Contracts and obtained payroll services from Paychex. *See Pennzoil Exploration & Prod. Co.*, 139 F.3d at 1068; *JLM Indus., Inc.*, 387 F.3d at 176. All of the allegations underling each of Plaintiff's claims are one and the same with Plaintiff's breach of contract allegations.

31.    Accordingly, Paychex respectfully requests the Court to compel Plaintiff to arbitrate all of Plaintiff's claims. Even if the Court denies arbitration of the negligence and breach of warranty claims (though it should compel all claims to arbitration), the parties must be compelled to arbitrate Plaintiff's contract claim. *See Dean Witter Reynolds, Inc.*, 470 U.S. at 221 (providing that arbitration agreements must be rigorously enforced even where they would result in piecemeal litigation).

C.    **Paychex Requests a Dismissal or Stay of the Litigation**.

32.    Contemporaneously with referring this case to arbitration, the Court should dismiss it for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the Contracts leave this Court without the authority to adjudicate any of Plaintiffs'

claims or even the question of whether those claims are subject to arbitration. *See Omni Pinnacle, LLC v. ECC Operating Services, Inc.*, 255 Fed. Appx. 24, 25 (5th Cir. 2007) (affirming order dismissing case under 12(b)(1) and compelling arbitration because dispute related to arbitration agreement); *Cartagena Enterprises, Inc. v. J. Walter Thompson Co.*, 2013 WL 5664992, at *3, n.34 (S.D.N.Y. Oct. 16, 2013) (noting lack of clarity on proper dismissal mechanism where arbitration compelled, but dismissing arbitrable claims under Rule 12(b)(1)).

33.    Alternatively, a stay of this litigation would be appropriate if the Court (1) does not order arbitration of all of Plaintiff's claims; and (2) denies Plaintiff's motion to transfer venue, which this motion to compel arbitration is made subject to. 9 U.S.C. § 3. The claims against Paychex are all based on the same alleged wrongdoing and are, thus, identical. Collateral estoppel will apply to the arbitrator's decisions on common issues and promoting judicial economy. Not staying the case could cause inconsistent results and Paychex will not impede the progress of arbitration (Exh. A ¶ 7)  There is no indication that the arbitration will not proceed in a reasonable timeframe or that a stay would create undue hardship for Plaintiff. *See Alghanim v. Alghanim*, 828 F. Supp.2d 636, 665 (S.D.N.Y. 2011) (finding stay appropriate under such circumstances where order compelled arbitration of some parties' claims, but not others); *see also Suzlon Infrastructure, Ltd. v. Pulk*, CIV. A. H-09-2206, 2010 WL 3540951, at *2, n.2 (S.D. Tex. Sept. 10, 2010) (staying case pending arbitration, but recognizing that court may dismiss case where all issues raised must be arbitrated).

34.    Accordingly, in the event the Court compels some but not all of Plaintiff's claims to arbitration, Paychex requests a stay of this litigation.

## **CONCLUSION AND PRAYER**

35.     Accordingly, for the foregoing reasons, Paychex respectfully requests that the Court enter an order (1) compelling Plaintiff to submit its claims to arbitration in Rochester, New York; (2) dismissing Plaintiffs' lawsuit for lack of subject matter jurisdiction, or, alternatively, staying further proceedings in this case pending the outcome of arbitration in Rochester, New York, in the event the Court compels some but not all of Plaintiff's claims to arbitration; and (3) awarding Paychex all such other and further relief, at law and in equity, to which Paychex is entitled.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on January 30, 2017, opposing counsel stated that he opposes the relief requested herein. Because counsel have conferred and cannot agree about the disposition of this motion, Defendant submits this motion to the Court as opposed.

/s/ Christopher B. Trowbridge
Christopher B. Trowbridge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of February, 2017, a true and correct copy of the foregoing document has been sent to the counsel of record below via the Court's CM/ECF system.

Jason P. Scofield
2500 West Loop South, Suite 518
Houston, Texas 77027
*Attorney for Plaintiff*

/s/ Christopher B. Trowbridge
Christopher B. Trowbridge

3072280_1.docx